IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| J W SEALS, JR., VERGIE SEALS, AND MARIE L. PAGE, *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 1:22-CV-383-MJT-CLS |
| ITEX GROUP LLC, *Defendant*. | § § | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR CONTEMPT**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72. Pending before the court is Plaintiffs' Motion for Contempt. (Doc. #18.) After review, the undersigned recommends that the motion be denied.

Defendant filed a Motion to Dismiss on December 5, 2023. (Doc. #9.) As Plaintiffs are proceeding *pro se*, the undersigned issued an order (doc. #10) directing Plaintiffs to respond to the Motion to Dismiss in accordance with Local Rule CV-7 by mail postmarked no later than December 22, 2022. The undersigned additionally issued an order (doc. #11) directing the parties to conduct a Rule 26(f) conference by January 9, 2023, and setting the Rule 16 Case Management Conference for January 31, 2023. Thereafter, Plaintiffs failed to timely respond to the Motion to Dismiss pursuant to the undersigned's order (doc. #10). Accordingly, the undersigned issued a Report and Recommendation (doc. #17) on January 5, 2022, recommending that the case be dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Additionally, the Report and Recommendation included an Order canceling the case management

conference and specifically stated that the parties "need not conduct a Rule 26(f) Attorney Conference or file a joint report of the attorney conference as originally directed in the December 8, 2022, Order (doc. #11). (Doc. #17.)

On January 17, 2023, Plaintiffs filed a Motion for Contempt (doc. #18) requesting that the court issue an order finding Defendant Itex and Defendant's counsel in contempt for "failing to take part in the Mandatory 1/9/2023 Rule 26(f) conference."

The movant in a civil contempt proceeding must establish the following elements by clear and convincing evidence: (1) a court order was in effect; (2) the order required specified conduct by the respondent; and (3) the respondent failed to comply with the court's order. *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004) (citation omitted). Here, Plaintiff cannot establish the first and third element. The undersigned's December 8, 2022, Order (doc. #11) was no longer in effect, as the undersigned's January 5, 2023, Order following the Report and Recommendation (doc. #17) specifically instructed the parties that they did not need to conduct a Rule 26(f) Attorney Conference. As such, there was no court order requiring a Rule 26(f) conference in effect for Defendant to violate. Accordingly, Plaintiff's Motion for Contempt (doc. #18) should be denied.

## Recommendation

For the foregoing reasons, Plaintiff's Motion for Contempt (doc. #18) should be **DENIED**.

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding

or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 10th day of February, 2023.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE