IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| J W SEALS, JR., VERGIE SEALS, AND MARIE L. PAGE, | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 1:22-CV-383-MJT-CLS |
| ITEX GROUP LLC, | § § § | |
| *Defendant*. | § | |

**ORDER ADOPTING**
**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. On July 14, 2023, Judge Stetson entered a Report and Recommendation [Dkt. 54] in which she recommended denying Plaintiffs' Motion for Preliminary Injunction [Dkt. 49]. Plaintiffs filed an objection on August 7, 2023. [Dkt. 61].

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v.*

*Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

The report recommended denying Plaintiffs' request for a preliminary injunction on the grounds that (1) injunctive relief is moot, as Plaintiffs no longer reside at or visit the apartment complex and (2) to the extent that Plaintiffs, proceeding *pro se*, seek protection for persons other than themselves, they may not do so because a *pro se* plaintiff cannot serve as a class representative or bring claims on behalf of others. [Dkt. 54 at 2.].

Plaintiffs' objections are without merit. Plaintiffs argue in their first objection that injunctive relief is not moot for two reasons. First, Plaintiffs claim they were subject to constructive eviction. [Dkt. 61 at 2.]. However, their claim for injunctive relief remains moot because Plaintiffs no longer reside at or visit the apartment complex. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). Second, Plaintiffs argue that their claim for injunctive relief is not moot because of Defendants' ability to repeat the challenged actions. [Dkt. 61 at 2.]. However, the case cited to support this position involves a defendant who voluntarily ceased a challenged practice. *Friends of the Earth, Inc. v. Laidlaw Env't Services*, 528 U.S. 167, 190-91 (2000). That is not the case here. Here, mootness is founded on Plaintiffs' actions, not Defendants.

Plaintiffs argue in their second objection that "systemic unlawful conduct" continues in the apartment complex at other units and Plaintiffs seek the injunction for "public benefit." However, this argument once again rests on Plaintiffs' mistaken belief that they may represent persons other than themselves in this suit, which they cannot for the reasons stated in the report. *See, e.g.*, *Ibe v. Jones*, 836 F.3d 516, 529 (5th Cir. 2016) (quoting *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 482-83 (5th Cir. 2001)); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (citing

*Anderson v. Moore*, 372 F.2d 747, 751 n.5 (5th Cir. 1967)); *see also DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("[A] pro se litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Grizzle v. Robles*, No. 5:22-CV-132-BQ, 2022 WL 18402129, at *5 (N.D. Tex. Dec. 29, 2022) (holding that the *pro se* plaintiff could not serve as a class representative and collecting cases holding the same); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1, at 450 & n.13 (3d ed. 2005) (stating general rule that "class representatives cannot appear pro se," and citing case law).  Plaintiffs' objections [Dkt. 61] are overruled.

The Court has conducted *de novo* review of the Report and Recommendation [Dkt. 54] and concludes it is correct.  It is therefore ORDERED that Plaintiffs' objections [Dkt. 61] are OVERRULED.  The Report and Recommendation [Dkt. 54] is ADOPTED.  Plaintiffs' Motion for Preliminary Injunction [Dkt. 49] is DENIED.

**SIGNED this 17th day of August, 2023.**

_____
Michael J. Truncale
United States District Judge

3