IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| J W SEALS, JR., VERGIE SEALS, AND MARIE L. PACE, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 1:22-CV-383-MJT-CLS |
| ITEX GROUP LLC, | § § § | |
| *Defendant*. | § § § | |

## MEMORANDUM ORDER OVERRULING
## PLAINTIFFS' OBJECTIONS AND ADOPTING THE REPORT
## AND RECOMMENDAITON OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the Court referred this proceeding to the Honorable Christine L. Stetson for consideration and disposition of Defendant Itex Group LLC's second Motion to Dismiss [Dkt. 38].  On July 28, 2023, Judge Stetson issued a Report and Recommendation [Dkt. 58] with the following conclusions and recommendations: (1) Defendant's Motion to Dismiss should be granted with respect to Plaintiffs' claims under the Fair Housing Act as Plaintiffs have failed to state a claim, and (2) denied as moot with respect to the Title VI claim and pendant state law claims.

### I.      Plaintiffs' Objections to the Report and Recommendation are overruled

On August 21, 2023, Plaintiffs timely filed objections to the Report and Recommendation. [Dkt. 63].  A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).  To be specific, an objection must identify the specific finding or recommendation to which objection

is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Although Plaintiffs filed written objections in a timely manner, they failed to specifically identify the findings or recommendations to which they objected—including the place in the magistrate judge's report and recommendation where the disputed determination is found—in several portions of the objections [Dkt. 63].  Additionally, much of the objections [Dkt. 63] merely restates arguments from Plaintiffs' response [Dkt. 47] to Defendant's second Motion to Dismiss [Dkt. 38] and are somewhat disorganized.  Nonetheless, the Court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation [Dkt. 58] to which Plaintiffs have discernably objected.

Plaintiffs appears to raise the following objections: (1) the magistrate judge improperly found Plaintiffs did not have standing to bring a claim under Title VI [Dkt. 63 at 1-5]; (2) the magistrate judge incorrectly found Plaintiffs failed to state a claim under the FHA [Dkt. 63 at 7-8]; (3) Plaintiffs should be granted leaved to amend their complaint to address deficiencies in their FHA and Title VI claims [Dkt. 63 at 6, 7-8]; and (4) the magistrate judge improperly declined to exercise supplemental jurisdiction over Plaintiffs' state law claims [Dkt. 63 at 8-9].

A.  The magistrate judge properly found Plaintiffs did not have standing to bring a claim under Title VI

Plaintiffs object to the magistrate judge's finding that Plaintiffs did not have standing to bring a claim under Title VI.  [Dkt. 63 at 1-4].  Rather than specifically addressing the magistrate

judge's findings, Plaintiffs (1) outline the general principles of standing and how they relate to Plaintiffs' Title VI claim [Dkt. 63 at 1-3], and (2) state, without any citations, that they have "meticulously delineated sources of federal funding received by Defendant" which would help provide Plaintiffs standing under Title VI [Dkt. 63 at 3-4].

Plaintiffs first asserted their Title VI claim in their Second Amended Complaint [Dkt. 35] which was improperly made without consent of Defendant or leave of the Court.  The magistrate judge recommended not giving leave to amend the First Amended Complaint because Plaintiffs' Title VI claim was futile.  Accordingly, the magistrate judge recommended striking the Second Amended Complaint, including Plaintiffs' Title VI claim, rendering the Motion to Dismiss moot as to Plaintiffs' Title VI claim.

For a party to have standing under Title VI, they must show (1) Defendant received federal funds, and (2) Defendant used those funds in a discriminatory way.  *See Abron v. Dean Lumber Co., Inc.*, No. 2:99CV197, 2002 WL 35634005, at *2 (E.D. Tex. Mar. 14, 2002) (citing *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 7065 n.9 (5th Cir. 1994)).  Plaintiffs' proposed Second Amended Complaint fails to meet the pleading standard.

In their Second Amended Complaint, Plaintiffs' only reference to federal funding is the allegation that "Defendant ITEX, LLC is a recipient of federal financial assistance and is subject to the provisions of Title VI of the Civil Rights Act of 1964."  [Dkt. 35 at 24, ¶49].  Notably, Plaintiffs do not set forth any facts alleging how these funds were used in discriminatory ways.  Again, in their objections, Plaintiffs state, without any citations, that they have "meticulously delineated sources of federal funding received by Defendant."  [Dkt. 63 at 3-4].  These are not specific factual allegations and conclusory allegations cannot survive a 12(b)(6) Motion to

Dismiss.  *See Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010).

Accordingly, the magistrate judge properly found that (1) Plaintiffs lack standing under Title VI and (2) their Second Amended Complaint is futile.  The magistrate judge properly struck the Second Amended Complaint, rendering Defendant's Motion to Dismiss moot as to Plaintiffs' Title VI claims.  Therefore, this objection is overruled.

### B.  Plaintiffs failed to state a claim under the FHA

Plaintiffs object to the magistrate judge's finding that Plaintiffs failed to state a claim under the FHA.  [Dkt. 63 at 7-8].  Specifically, Plaintiffs seem to allege that the magistrate erred by finding Plaintiffs' allegations of "pest infestations, mold contamination, sewage leaks, and structural defects" do not render the apartment "unavailable" for the purposes of the FHA.  [*Id.* at 7].

Plaintiffs did not specifically state under what subsection of the FHA they are suing.  [*Id.* at 13-14].  After construing Plaintiffs' complaint broadly, the magistrate judge correctly determined that only Section 3604(a) and (f)(1) were potentially applicable.  *Id.*  Section 3604(a) makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin."  42 U.S.C. § 3604(a).  Plaintiffs allege Defendant, after renting an apartment to Plaintiff Vergie Seals, failed to remedy issues that rendered the apartment uninhabitable.  [Dkt. 35].  Caselaw makes clear that "uninhabitability" does not make a dwelling "unavailable" within the meaning of Section 3604(a).  *See Cox v. City of Dallas*, 430 F.3d 734, 742-43 (5th Cir. 2004); *Treece v. Perrier Condo. Owners Ass'n*, 593 F. Supp. 3d 422, 437 (E.D. La. 2022); *Williamson v. Brady*, No. 2021 WL 2491800, at

*5 (citing *AHF Cmty. Dev., LLC v. City of Dallas*, 633 F. Supp. 2d 287, 303 (N.D. Tex. 2009)). Plaintiffs have therefore failed to state a claim under Section 3604(a).

Section 3604(f)(1) utilizes the identical operative language as Section 3604(a).  *See* 42 U.S.C. § 3604(f)(1) (stating it is unlawful "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of" the renter or person residing in that dwelling); *cf. Gatling v. Jubilee Hous., Inc.*, No. 20-3770, 2021 WL 5331707, at *8 (D.D.C. Nov. 16, 2021) (interpreting the term "dwelling" to have the same meaning within the FHA across different subsections of the statute).  As "uninhabitability" is not considered "unavailable" under Section 3604(a), the same is true under Section 3604(f)(1).  Accordingly, Plaintiffs have also failed to state a claim under Section 3604(f)(1).

Plaintiffs cite two cases to support the proposition that claims of uninhabitability fall within the scope of the FHA.  [Dkt. 63 at 7].  Neither case is on point.  In *Trafficante*, the Supreme Court took up the issue of standing in the administrative proceedings provided under FHA Section 3610(a) and does not address uninhabitability in any way.  *Trafficante v. Metro. Life Co,*, 409 U.S. 205, 205 (1972); 42 US.C. §3610(a).  Likewise, in *Inclusive Communities Project*, the Supreme Court held that disparate impact claims under the FHA could survive summary judgment without allegations of intentional discrimination, but no claims of uninhabitability are raised.  *Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 519 (2015).  These cases are inapplicable and do not show any error on the part of the magistrate judge in dismissing Plaintiff's FHA claim for failure to state a claim. This objection is overruled.

### C.  <u>Plaintiffs should not have leave to amend their complaint</u>

Plaintiffs ask for leave to amend their complaint both in relation to their Title VI claim and their FHA claim.  [Dkt. 63 at 6-8].  Judges should not give leave to amend a complaint where the

amendments would be futile.  *See Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  Plaintiffs have consistently failed to assert factually plausible claims under Title VI in their initial complaint [Dkt. 1], First Amended Compliant [Dkt. 32], Second Amended Complaint [Dkt.35], and objections [Dkt. 63].  Likewise, plaintiffs' have consistently failed to offer facts that would support a valid FHA claim. Accordingly, the magistrate judge properly recommended declining Plaintiffs leave of the Court to, once again, amend their complaint.

D.  <u>The magistrate judge properly declined to exercise supplemental jurisdiction over Plaintiffs' state law claims</u>

Plaintiffs object to the magistrate judge's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.  [Dkt. 63 at 8-9].  Without providing specific objections, Plaintiffs restate the relevant law, acknowledge the Court has discretion regarding supplemental jurisdiction when anchor claims are dismissed, and argue it would be fairer and more efficient for the Court to exercise supplemental jurisdiction over Plaintiffs' state law claims.  [*Id.*]

The Court must consider judicial economy, convenience, fairness, and comity in deciding whether to exercise supplemental jurisdiction.  *See Metro. Wholesale Supply, Inc. v. M/V Royal Rainbow*, 12 F.3d 58, 61 (5th Cir. 1994).  In the Fifth Circuit, the general rule is to dismiss state law claims when the federal claim to which they are pendant are dismissed.  *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011).  The magistrate judge properly found no reason to depart from this general rule, as Plaintiffs will have access to state courts better equipped to address issues of state law.  [Dkt. 58 at 16].  Accordingly, the magistrate judge did not err and this objection is overruled.

## II.      Conclusion and Order

The Court has conducted a *de novo* review of Plaintiffs' objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, Plaintiffs' objections [Dkt. 63] are OVERRULED.  The Report and Recommendation of the United States Magistrate Judge [DKT. 58] is ADOPTED as to Defendant's Motion to Dismiss [Dkt. 38]. Defendant Itex Group LLC's Motion to Dismiss is Granted [Dkt. 38] as to Plaintiffs' FHA claims, and denied as moot as to Plaintiffs' Title VI and state law claims.  Plaintiffs' claims under the Federal Housing Act are dismissed and the Court declines to exercise supplemental jurisdiction over state law claims.  A final judgment of dismissal will be entered.

**SIGNED this 30th day of August, 2023.**

Michael J. Truncale
United States District Judge